UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| ANDRA BLACKMON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:03-CR-241-TRM-SKL-1 |
| | ) | | 1:16-CV-128-TRM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Federal prisoner Andra Blackmon ("Petitioner") filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 on January 9, 2006. (Doc. 26.) This Court denied the same in a Memorandum Opinion and Judgment Order entered on October 29, 2008. (Docs. 29, 30.) Petitioner recently submitted a second collateral challenge to the same criminal conviction. (Doc. 31.) This most recent petition cites *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. (*Id.*) While the action was pending, Petitioner filed pro se motions to hold the case in abeyance pending Sixth Circuit authorization to consider the filing (Doc. 34), to hold the petition in abeyance pending an *en banc* decision in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016) (Doc. 35), and to appoint counsel to assist with litigation of the collateral challenge (Doc. 37). On January 5, 2017, the Sixth Circuit denied Petitioner's request for authorization to file a successive petition with a *Johnson*-based request for collateral relief, noting that he "ha[d] not made a prima facie showing that he is entitled to relief under [the] *Johnson* [decision] because his prior Tennessee

convictions for robbery and second-degree burglary are violent felonies without reference to the residual clause." (Doc. 38.)

Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in the District Court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the District Court to consider the motion. 28 U.S.C. § 2255(h). In light of the Sixth Circuit's denial of authorization, Petitioner's § 2255 motion (Doc. 31) will be **DENIED** and **DISMISSED WITH PREJUDICE**. The motions to hold the action in abeyance and appoint counsel (Docs. 34, 35, 37) will be **DENIED AS MOOT**.

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**